

Gerald C. Mann
~~PRICE DANIEL~~
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS
AUSTIN, TEXAS
May 11, 1939

Hon. N. P. McMillan
County Auditor
Robertson County
Franklin, Texas

Dear Sir:

Opinion No. O-744
Re: County attorney's salary -
deduction of expenses.

Your letter of May 2nd, requesting our construction of certain phases of the Officer's Salary Bill with particular reference to the county attorney's salary, has been received and carefully considered.

From the statement submitted by you it appears the county attorney of Robertson County earned gross fees in 1935 amounting to $3,183.16, with office expenses of $293.16 for that year. You also submit figures showing the gross earnings of subsequent years, indicating a decided reduction of income, while the authorized expenses show an increase each year. Your letter contains the following statement:

"At the time of fixing his salary in 1936, 1937 and 1938, we had an opinion from former Attorney General that where fines were laid out in jail that it was not necessary to consider that item in arriving at the minimum salary. If we had considered that item as earned compensation, the court would not have allowed him a stenographer.

"He did not comply with Article 3902, requiring sworn application and showing probable receipts.

"The order fixing his salary in January of each year is now held to be void. Can the Court now legally rescind the order allowing the county attorney a stenographer for above years?"

We note the provisions of Section 13 of Article 3912e, Vernon's Annotated Civil Statutes:

"Sec. 13. The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thou-

sand (190,000) inhabitants according to
the last preceding Federal Census, is
hereby authorized and it shall be its duty
to fix the salaries of all the following
named officers, to-wit:.........County Atter-
ney.... Each of said officers shall be
paid in money an annual salary in twelve
(12) equal installments <u>of not less than
the total sum earned as compensation by
him in his official capacity for the fiscal
year 1935</u>, and not more than the maximum
amount allowed such officer under laws ex-
isting on August 24, 1935;...." (underscoring
ours).

Your question turns upon whether the approved
expenses should be deducted from the total receipts of
the office in computing the "total sum earned as compensa-
tion by him in his official capacity for the fiscal year
1935."

The laws in force in 1935 affecting the com-
pensation of officers are stated in Articles 3883, 3891
and 3895, R. C. S., as amended. The sum total of earn-
ings under all three of said articles constituted the
compensation of said officers. However, the county did
not pay any of the authorized expenditures. Article 3891
provided otherwise:

"Each officer named in this chapter
shall first out of the current fees of his
office pay or be paid the amount allowed
him under the provisions of Article 3883,
together with the salaries of his assistants
and deputies, and authorized expenses under
Article 3899, and the amount necessary to
cover costs of premium on whatever surety
bond may be required by law."

There was no provision of the statute guaran-
teeing the officer he should first receive the amount
allowed under the provisions of Art. 3883, so the offi-
cer had to pay authorized expenditures out of the funds
coming into his hands, irrespective of whether the amount
mentioned in the article was earned or collected. There-
fore, the "total sum earned as compensation by <u>him</u>" was
the net total earned after payment of his authorized ex-
penses. The Legislature did not stipulate "earned by
<u>the office</u>," but rather "earned by <u>him</u>."

We are of opinion, and you are so advised, that
the Commissioners' Court should deduct from the total com-
pensation earned, collected and uncollected, the expenses
of the office for the year 1935 which were legally allow-

ed by the Commissioners' Court for that year. Inasmuch as the statute (Art. 3912e, supra), providing for salary of the county attorney makes the "total sum earned.... for the fiscal year 1935," the basis of the minimum salary to be fixed by the Commissioners' Court, the fees earned and deposited to the Officer's Salary Fund and the expenses of the office since 1935 would be immaterial and could not operate to increase or diminish the minimum salary as fixed by the legislative enactment.

Your statement that the county attorney did not comply with Art. 3902, requiring sworn application and showing probable receipts of the office seems to bring the case within the opinion of the Commission of Appeals in Cameron County vs. Fox, 61 SW (2nd) 483, wherein the rule of law as applicable to Art. 3902 is stated:

"What the Commissioners' Court could have authorized in the beginning, that court could subsequently ratify."

Therefore, if the Commissioners' Court properly approved the accounts of the county attorney for subsequent years and allowed pay for a stenographer, the county could not now complain because the county attorney did not make sworn application and show probable receipts of the office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Benjamin Woodall
Assistant

BW:AW:jrb

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY R.W.F., Chairman